# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### NORTHERN DIVISION

**JOHN MCDONALD**                                             **PETITIONER**

**V.**                         **CIVIL ACTION NO. 3:16CV800 CWR LRA**

**TIMOTHY OUTLAW, WARDEN**                   **RESPONDENT**

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

John McDonald was convicted in the Circuit Court of Hinds County, Mississippi, and seeks federal habeas relief under 28 U.S.C. § 2254. After a review of the entire record, the undersigned recommends that his petition be dismissed with prejudice.

### Factual and Procedural Background

In 2009, McDonald was convicted in the Circuit Court of Hinds County, Mississippi of possession of a controlled substance with the intent to distribute. He was sentenced to serve an enhanced 60-year term of imprisonment in the custody of the Mississippi Department of Corrections ("MDOC"). The relevant facts are described in the state court's opinion as follows:

> On September 23, 2009, Hinds County Sheriff's Deputy Mick Brown and Jackson Police Officer Roy Dickerson conducted a routine traffic stop. During the stop, they discovered the driver was in possession of marijuana, and arrested the unnamed individual. Thereafter, the unnamed individual told the police officers that he knew where they could locate ten pounds of marijuana. According to the unnamed individual, the marijuana would be in a black bag in the trunk of a dark-colored rental car parked in the back of a car wash on Beasley Road in Jackson, Mississippi. He further stated a black male would be driving the vehicle. The officers then relayed the information to Mississippi Bureau of Narcotics (MBN) Agent Casey Dennis.

After receiving the information, Agent Dennis and his partner proceeded to the car wash on Beasley Road. When they arrived, they observed a dark-colored vehicle being driven by a black male exiting the car wash. They then saw a paper "U–Save Car Rental" tag on the back of the car. The agents followed the vehicle down Beasley Road and the vehicle pulled into an apartment complex. As the vehicle pulled into a parking space, the agents initiated a traffic stop based on an improperly displayed tag.

After parking the vehicle, McDonald exited the car, locked the doors, and handed the keys to a woman who had approached him. Agent Dennis then approached McDonald, asked for his driver's license, and told him he had been stopped due to an improperly displayed tag. Agent Dennis asked if he could search McDonald's vehicle. McDonald replied: "I know my rights, get a warrant." Agent Dennis called dispatch to determine whether McDonald had any outstanding warrants. He also checked the vehicle's vehicle identification number, and called for a K–9 unit.

Agent Dennis pulled McDonald to the side to discuss the informant's tip. According to Agent Dennis, McDonald was not under arrest at this time and was not handcuffed or restrained from leaving in any way. Agent Dennis also stated that McDonald's car was not blocked from leaving. Accordingly, McDonald was not given any Miranda warning. However, McDonald disputed this version of the events. He testified that he was, in fact, handcuffed and prevented from leaving. He further asserted that he asked for an attorney during the questioning; however, the questioning continued, and an attorney was not provided.

Agent Dennis asked McDonald about the allegations that had been made about him. McDonald admitted he was previously in possession of ten pounds of marijuana but that he had given it to his brother. He also admitted that he had a "smoke sack" in the car and was willing to provide information regarding forty pounds of marijuana in exchange for leniency. Agent Dennis reportedly told McDonald that if the amount of marijuana was less than an ounce, he would not be arrested. McDonald denied telling Agent Dennis any of this information.

Agent Dennis and McDonald walked over to McDonald's vehicle. McDonald motioned to the woman holding the keys. The woman brought the keys to McDonald, and he then handed them to Agent Dennis. Agent Dennis opened the trunk and found a black gym bag. When they opened the bag, they discovered numerous ziplock bags containing marijuana, digital scales, and a box of ziplock bags. In addition to these items, Agent Dennis found

2

two hotel receipts from June 14, 2009. McDonald was then arrested. When he was taken into custody, they discovered $2,818 on his person.

McDonald denied that the drugs were his. He claimed that the first time he saw the drugs was when Agent Dennis opened the trunk. While he acknowledged that the receipts found in the bag were his, he stated that he did not know how they got in the bag. McDonald further stated that the money found on his person was to pay the individual painting his car.

*McDonald v. State*, 130 So. 3d 102, 106–07 (Miss. Ct. App. 2013).

McDonald was indicted and charged as a habitual offender for possession of marijuana with the intent to distribute within 1,500 feet of a church in violation of Miss. Code Ann. § 41-29-139 and § 41-29-142.  Prior to trial, the State moved to amend the indictment to charge McDonald as a second or subsequent-drug offender under Miss. Code Ann. § 41-29-14.  McDonald was convicted and sentenced to a 60-year term based on his habitual and subsequent-drug offender status.[1]

Aggrieved, McDonald raised the following issues on appeal: "(1) the statements elicited during the traffic stop should be suppressed, and his consent to search his vehicle was not voluntary; (2) his post-*Miranda* silence was improperly introduced at trial; (3) his prior drug offenses were improperly introduced at trial; and (4) the indictment was not properly amended to include his status as a subsequent drug offender." 130 So. 3d 102. The Mississippi Court of Appeals affirmed the conviction and sentence on June 18, 2013. Subsequent petitions for rehearing and writ of certiorari were thereafter denied. McDonald filed three applications for post-conviction relief.  The Mississippi Supreme

---

[1] Although McDonald was sentenced to a 60-year term based on his habitual and subsequent-drug-offender status, the trial court's sentencing order only referenced the habitual offender statute, Miss. Code Ann. § 99-19-81.  ECF No. 34-1, p. 82.

Court denied the first application in 2014 and dismissed the second and third applications as successive writs in 2015 and 2016, respectively.[2]

McDonald now brings the instant petition and asserts nine grounds for relief, five of which were adjudicated on the merits in state court:

Ground One:  Whether the trial court erred by failing to suppress the drugs seized and admissions made during the traffic stop.

Ground Two: Whether Petitioner's post-*Miranda* silence was improperly interjected at trial.

Ground Three:  Whether the State's introduction of prior drug convictions resulted in an unfair trial.

Ground Four:  Whether Petitioner is suffering from an illegal sentence?

Ground Five:   Whether counsel's failure to object to the absence of an order amending the indictment to include a subsequent-drug-offender enhancement constituted ineffective assistance of counsel?

Ground Six:   Whether counsel's failure to object to Jury Instruction S-6 constituted ineffective assistance of counsel.

Ground Seven:  Whether the indictment was deficient.

Ground Eight:  Whether counsel's failure to object to the lack of a bifurcated trial on enhanced sentencing constituted ineffective assistance of counsel.

Ground Nine:  Whether the 60-year sentence he received as a habitual and subsequent-drug offender is legal.[3]

Having reviewed the record and all the applicable law, the undersigned submits that McDonald's claims in Grounds One, Four, Seven and Nine are barred from federal

---

[2] ECF No.  6-1 – 6-8.

[3] ECF Nos.  1, 2.

review, and the remaining claims in Grounds Two, Three, Five, Six, and Eight do not

warrant federal habeas relief.

## Discussion

### Ground One is Barred by *Stone v. Powell*, 428 U.S. 465 (1976).

In Ground One, McDonald asserts that his Fourth Amendment rights against an

illegal search and seizure were violated. Specifically, he asserts that he is entitled to

habeas relief because the trial court failed to suppress the drugs seized and statements

made during the traffic stop. *Stone v. Powell* bars our review of this claim. *Stone*

instructs that Fourth Amendment claims are not cognizable for federal habeas review

when a petitioner was provided a full and fair opportunity to litigate those claims in state

court. In this Circuit, an opportunity "mean[s] just that: 'an opportunity.'" *Janecka v.*

*Cockrell*, 301 F.3d 316, 320 (5th Cir. 2002) (quoting *Caver v. State of Ala.*, 577 F.2d

1188, 1192 (5th Cir. 1978)). McDonald received a full and fair opportunity here.

In addition to arguments made during trial court proceedings, McDonald raised

several arguments on direct appeal challenging the trial court's refusal to suppress the

drugs seized from his vehicle and the statements he made to police during the traffic stop.

In the instant petition, McDonald re-urges his direct-appeal claim that the retention of his

driver's license by officers rendered the search nonconsensual.[4]

---

[4] In support of this argument on appeal, McDonald relied on the Fifth Circuit's
decision in *United States v. Chavez-Villarreal*, 3 F.3d 124, 128 (5th Cir. 1993), which held
that the defendant's consent was not an independent act of free will because it was provided
while the officer was still holding immigration documents. However, the Fifth Circuit has
consistently held that the voluntariness of consent is a finding of fact based on a totality of
the circumstances. *See United States v. Perales*, 886 F.3d 542, 546 (5th Cir. 2018) ("an

However, the trial court found no Fourth Amendment violation.  The issue was reasserted on direct appeal, and the Mississippi Court of Appeals upheld the constitutionality of the search for the reasons that follow:

> At trial, there was no testimony that Agent Dennis kept McDonald's driver's license. Instead, there was simply a lack of testimony regarding whether the driver's license was handed back. This is insufficient to find that McDonald's consent was coerced. Furthermore, McDonald initially declined to permit the officers to search his vehicle, stating: "I know my rights, get a warrant." He made this statement after he had handed Agent Dennis his driver's license. Therefore, he was not coerced based on the officer's alleged possession of his driver's license. However, after speaking with Agent Dennis regarding the informant's tip, McDonald attempted to gain favorable treatment by admitting to the presence of drugs in his vehicle. At this point, McDonald changed his mind, and permitted the search of his vehicle. Therefore, it is clear that McDonald voluntarily consented to the search of his vehicle, and no coercion was involved. This issue is without merit.

*McDonald*, 130 So. 3d at 108.

The court also rejected McDonald's claim that his traffic-stop statements should have been suppressed. The court found that the context in which the statements were made was not tantamount to a custodial interrogation warranting *Miranda* warnings under the totality of the circumstances.  It considered the fact that McDonald had been pulled over in the parking lot of his residence and "could have left and gone to his apartment at any time." *Id.* at 109.  It also considered Agent Dennis's testimony that McDonald was not handcuffed; had a clear path of egress; was not subjected to physical

---

officer's retention of identification documents is a factor the court considers when determining whether the officer used coercive police procedures, but is otherwise not controlling or dispositive").

force or verbal intimidation; and that he, despite being free to refuse, "voluntarily walked approximately thirty to fifty feet away to talk with Agent Dennis." *Id.*

Although McDonald maintains that the state court's analysis of his Fourth Amendment claim was flawed, *Stone* applies even when a state court's ruling is erroneous. *Balentine v. Quarterman*, 324 F. App'x 304, 307 (5th Cir. 2009) ("If the term 'fair hearing' means that the state court must correctly apply federal constitutional law, *Stone* becomes a nullity.") (quoting *Swicegood v. State of Ala.*, 577 F.2d 1322, 1324 (5th Cir. 1978)). That he disagrees with the state court's determination is insufficient. He was afforded a full and fair opportunity to litigate his Fourth Amendment claim in state court. Absent new evidence that was not available at the time of trial, or proof that the state process is "routinely or systematically applied in such a way as to prevent the actual litigation of Fourth Amendment claims on their merits," McDonald is barred from re-litigating them here. *Moreno v. Dretke*, 450 F.3d 158, 167 (5th Cir. 2006) (internal quotation marks and citation omitted).

### Procedurally Defaulted Claims
### (Grounds Four, Seven and Nine)

Federal courts have no jurisdiction to review a habeas claim "if the last state court to consider that claim expressly relied on a state ground for denial of relief that is both ***independent*** of the merits of the federal claim and an ***adequate*** basis for the court's decision." *Roberts v. Thaler*, 681 F.3d 597, 604 (5th Cir. 2012) (emphasis in original). Under the procedural default doctrine, "[t]he twin requirements of independence and adequacy demand that the state court's dismissal must 'clearly and expressly' indicate

that it rests on state grounds which bar relief, and the bar must be strictly or regularly followed by state courts, and applied to the majority of similar claims." *Id.* As discussed below, McDonald's claims in Grounds Four, Seven and Nine are procedurally defaulted and foreclosed from federal review.

In Ground Four, McDonald asserts that he is entitled to habeas relief because the state court failed to comply with Mississippi's requirement for amending indictments during trial. Miss. Code Ann. § 99-17-15.[5] However, the Mississippi Court of Appeals ruled the claim was procedurally barred because the defense did not contemporaneously object or otherwise preserve the issue at trial. *McDonald*, 130 So. 3d at 111. *See* Miss. Code Ann. § 99-39-21(1).[6] Mississippi's contemporaneous objection rule has long been recognized as an independent and adequate state ground foreclosing federal review of procedurally defaulted claims. *Smith v. Black*, 970 F.2d 1383, 1387 (5th Cir. 1992).

_____

[5] Miss. Code. Ann. § 99-17-15 (Rev.2007) provides as follows:

> The order of the court for amendment of the indictment, record[,] or proceedings provided in section 99-17-13 shall be entered on the minutes, and shall specify precisely the amendment, and shall be a part of the record of said case, and shall have the same effect as if the indictment or other proceeding were actually changed to conform to the amendment; and wherever necessary or proper for the guidance of the jury, or otherwise, the clerk shall attach to the indictment a copy of the order for amendment.

[6] Miss. Code. Ann. § 99-39-21(1) provides as follows:

> (1) Failure by a prisoner to raise objections, defenses, claims, questions, issues or errors either in fact or law which were capable of determination at trial and/or on direct appeal, regardless of whether such are based on the laws and the Constitution of the state of Mississippi or of the United States, shall constitute a waiver thereof and shall be procedurally barred, but the court may upon a showing of cause and actual prejudice grant relief from the waiver.

McDonald's failure to comply with the rule resulted in the default of his claim in Ground Four.

Likewise barred from federal review are McDonald's allegations of insufficiency of the indictment and illegal sentence in Grounds Seven and Nine. Both were raised in successive writs and denied pursuant to the successive-writ provision of the Mississippi Uniform Post-Conviction Collateral Relief Act ("UPCCRA") on post-conviction review. Miss. Code Ann. § 99-39-27(9).[7]   Although the Fifth Circuit has yet to consider the successive-writ provision in the context of a defaulted claim, district courts have found the provision to be an independent and adequate state procedural bar precluding federal review. *Moore v. Roberts*, 83 F.3d 699, 703 (5th Cir. 1996); *Burrell v. Hood*, No. 3:17CV9-NBB-RP, 2017 WL 3166675, at *5 (N.D. Miss. July 25, 2017); *McManis v. DeSoto Cty. Circuit Court*, No. 2:04CV261-M-B, 2007 WL 869617, at *4 (N.D. Miss. Mar. 20, 2007); *Watson v. Byrd*, No. 5:14CV108-DCB-MTP, 2017 WL 4769030, at *7 (S.D. Miss. June 6, 2017), *report and recommendation adopted,* No. 5:14CV-108-DCB-MTP, 2017 WL 4685237 (S.D. Miss. Oct. 18, 2017).

---

[7] The successive petition provision, Miss. Code. Ann. § 99-39-27(9) reads, in relevant part:

> The dismissal or denial of an application under this section is a final judgment and shall be a bar to a second or successive application under this article. Excepted from this prohibition is an application ... in which the prisoner can demonstrate either that there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States that would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, that is of such nature that it would be practically conclusive that, if it had been introduced at trial, it would have caused a different result in the conviction or sentence. . . .

McDonald can save his procedurally defaulted claims from being dismissed if he can demonstrate both cause for the default and actual prejudice resulting from it, or that a "fundamental miscarriage of justice" will occur if his claims are not considered. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991), *holding modified by Martinez v. Ryan*, 566 U.S. 1 (2012).  To establish cause, "there must be something external to the petitioner, something that cannot fairly be attributed to him." *Coleman*, 501 U.S. at 753.  To the extent McDonald cites attorney error as cause, ineffective assistance of counsel may excuse procedural default, but only if it has been raised and exhausted as an independent claim in state court. *Luna v. Davis*, 793 F. App'x 229, 233 (5th Cir. 2019); *Hobgood v. Epps*, No. 3:08CV24 HTW-LRA, 2011 WL 1297063, at *10 (S.D. Miss. Mar. 31, 2011). "Attorney error short of ineffective assistance of counsel, however, does not constitute cause and will not excuse a procedural default."  *Cuevas v. Collins*, 932 F.2d 1078, 1082 (5th Cir. 1991) (citation omitted).

Although McDonald argued that his trial attorney's failure to object to the absence of an order amending the indictment constituted ineffective assistance of counsel in state court, no ineffective-assistance-of-appellate-counsel claims were made with regard to the sufficiency-of-the-indictment and illegal-sentence claims raised in Grounds Seven and Nine. *Hatten v. Quarterman*, 570 F.3d 595, 605 (5th Cir. 2009).  And, as Respondent notes, even if such claims could be construed as having been raised, the Mississippi Supreme Court found all ineffective-assistance-of-counsel claims to be without merit on post-conviction review.  *Davila v. Davis*, 137 S. Ct. 2058, 2065 (2017).  McDonald has not shown that this was contrary to or an unreasonable application of *Strickland*.  Absent

a showing of cause to overcome his procedurally defaulted claims, this court need not consider whether he was prejudiced. *Saahir v. Collins*, 956 F.2d 115, 118 (5th Cir. 1992).

Further, McDonald has not shown that, as a factual matter, he is actually innocent of the crimes for which he was convicted and would suffer a fundamental miscarriage of justice if the defaulted claims were not considered. The "fundamental miscarriage of justice" exception is triggered only "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier,* 477 U.S. 478, 496 (1986). It requires that the petitioner support such an allegation with *new,* reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995). McDonald has presented no new evidence here, nor has he shown in the context of his defaulted sentencing claim that he is not, in fact, a habitual and subsequent-drug offender subject to enhanced sentencing. *Sones v. Hargett*, 61 F.3d 410, 418 (5th Cir. 1995) ("In order to be actually innocent of a non-capital sentence, the petitioner must show that but for the constitutional error he would not have been legally eligible for the sentence he received.") (internal quotation marks omitted). Accordingly, the procedurally defaulted claims in Grounds Four, Seven, and Nine are foreclosed from federal review.

### Claims Reviewed on the Merits in State Court

Grounds Two, Three, Five, Six and Eight were adjudicated on the merits on direct appeal or post-conviction review. AEDPA precludes this Court from granting McDonald federal habeas corpus relief unless that adjudication:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  Under 28 U.S.C. § 2254(d)(1), this court reviews questions of law as well as mixed questions of law and fact, while questions of fact are reviewed under 28 U.S.C. § 2254(d)(2).

Under the first prong, the clauses "contrary to" and "unreasonable application of" are independent bases for granting federal habeas relief.  *Williams v. Taylor*, 529 U.S. 362, 405 (2000).  A state court's decision is "contrary to" federal law if it contradicts Supreme Court precedent or reaches a different result on materially indistinguishable facts.  *Id.*  Under the "unreasonable application" clause, a federal habeas court may grant relief if the state court "correctly identifies the governing legal principle" but then "unreasonably applies it to the facts of the particular case."  *Bell v. Cone*, 535 U.S. 685 694 (2002).  The state court's decision must be objectively unreasonable, not merely erroneous or incorrect.  *Wood v. Allen,* 558 U.S. 290, 301 (2010).

AEDPA's second prong requires that federal courts defer to a state court's factual determinations unless they are based on an "unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d); *Morales v. Thaler*, 714 F.3d 295, 301 (5th Cir. 2013).  Deference is critical because federal courts have no authority to grant habeas corpus relief simply because "we conclude, in our independent judgment, that a state supreme court's application of

[federal] law is erroneous or incorrect." *Catalan v. Cockrell*, 315 F.3d 491, 493 (5th Cir. 2002); *Jasper v. Thaler*, 466 F. App'x 429, 435 (5th Cir. 2012).  Thus, we presume the state court's determination of a factual issue is correct, unless a petitioner rebuts the presumption with clear and convincing evidence.  *See* 28 U.S. C. § 2254 (e)(1).

### 1.  Evidentiary Claims (Grounds Two and Three)

In Ground Two, McDonald contends that his conviction violated his right to due process because the State referenced his post-*Miranda* silence during the direct examination of Agent Dennis.  In support, appellate counsel pointed to the prosecution's line of questioning about the chronology of events leading to McDonald's processing at the police station, specifically citing the following exchange:

> Q:    When he signed the *Miranda* warning, did he sign the *Miranda* rights waiver that was on the warning?
>
> A:    No, sir, he did not sign the waiver.[8]

According to McDonald, this question was objectionable because it violated the rule laid down by the United States Supreme Court in *Doyle v. Ohio*, 426 U.S. 610 (1976).  In *Doyle*, the Court ruled that the Due Process Clause of the Fourteenth Amendment prohibits a prosecutor from impeaching a defendant's exculpatory trial testimony by referencing his post-*Miranda* silence. *Id.* at 618–19.

In rejecting this claim on direct appeal, the Mississippi Court of Appeals found that while "[i]t is never proper to comment on an accused's post-*Miranda* silence, and normally it will be regarded by [appellate courts] as reversible error," the question at

---

[8] ECF No. 34-3, p.86.

issue "is the only time post-*Miranda* silence was discussed." *McDonald*, 130 So. 3d at

110.  The error was therefore harmless in light of the overwhelming evidence of

McDonald's guilt.  The court explained:

> Prior to being in custody and therefore being Mirandized, McDonald
> admitted to having a "smoke sack" and to having three pounds of
> marijuana. The police found a black gym bag containing marijuana, ziplock
> bags, and digital scales in the trunk of McDonald's car. The black bag also
> contained two hotel receipts that McDonald admitted were his and,
> therefore, connected him to the black bag. Finally, McDonald had $2,818 in
> currency in his possession from which the jury could infer illegal activity.
> While we find the trial court erred by permitting the question posed by the
> State to Agent Dennis, we find the error was harmless. Because of the
> overwhelming amount of evidence against McDonald, there was no
> reversible error committed.

*McDonald*, 130 So. 3d at 110.

It is well settled that "[a]lthough virtually any description of a defendant's silence

following arrest and a *Miranda* warning will constitute a *Doyle* violation, a prosecutor's

comments must be viewed in context." *Clark v. Epps*, 359 F. App'x. 481, 484 (5th Cir.

2009) (citation omitted).  Reasonable jurists could debate whether the prosecutor was

actually commenting on McDonald's post-*Miranda* silence and whether the jury

"necessarily" interpreted it that way.  *Hernandez v. Thaler,* 440 F. App'x 409, 416 (5th

Cir. 2011)*;United States v. Grosz*, 76 F.3d 1318, 1326 (5th Cir. 1996).  But even if a

*Doyle* violation occurred, McDonald is not entitled to relief unless the violation had a

"substantial and injurious" effect on the jury's verdict.  *Brecht v. Abrahamson,* 507 U.S.

619, 638 (1993); *Williams v. Cain,* 233 F.3d 575 (5th Cir. 2000).  Given the isolated

nature of the comment and the evidence presented at trial, nothing of record indicates it

had any impact on the jury's verdict.  Thus, the state court did not unreasonably apply

federal law when it determined that McDonald was not prejudiced by the prosecution's questioning.

McDonald's next claim relates to the trial court's handling of four prior convictions for which he pled guilty.  In Ground Three, he asserts that he is entitled to habeas relief because the trial court erred in admitting three of them at trial:  intent-to-sell cocaine in 2005; possession of marijuana in 2006; and, possession of cocaine in 2006.[9]  Of the three, only the intent-to-sell conviction was upheld on direct appeal because the Mississippi Court of Appeals found its probative value "established intent with respect to the present charge," outweighing any resulting prejudice under Miss. R. Evid. 404(b).[10]  *McDonald*, 130 So. 3d at 111.  However, the court rejected McDonald's claim that the admission of his prior convictions for possession, while erroneous, were unfairly prejudicial.  Citing McDonald's own arguments on appeal, the court noted that these convictions were cumulative given the amount of drugs and related paraphernalia found in his possession.

For purposes of federal review, "[a] state court's evidentiary rulings present cognizable habeas claims only if they run afoul of a specific constitutional right or render

---

[9] ECF No.  34-3, pp. 88-95.

[10] Miss. R. Evid. 404 states:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

the petitioner's trial fundamentally unfair." *Johnson v. Puckett*, 176 F.3d 809, 820 (5th Cir. 1999). To merit relief, McDonald must show that the admission of his prior possession convictions "had a substantial and injurious effect" on the jury's verdict. "This is a high hurdle, even without AEDPA's added level of deference," and it is one McDonald fails to meet. *Gonzales v. Thaler*, 643 F.3d 425, 430–31 (5th Cir. 2011). Contrary to what he argues, the jury heard evidence independent of his prior convictions, i.e., the amount of drugs, money, and related paraphernalia in his possession, which supported a finding that he was guilty of possession of marijuana with intent to distribute. The state court's rejection of this claim was not contrary to or an unreasonable application of federal law. No relief is warranted on this claim.

### 2. Ineffective Assistance of Counsel Claims
### (Grounds Five, Six and Eight)

McDonald's remaining claims all challenge the effectiveness of counsel at trial, specifically the (a) failure to object to a variance between the indictment and the jury instruction outlining the elements of the charge against him; (b) failure to object to the absence of an order amending the indictment to charge him as a subsequent drug offender; and, (c) failure to object to the lack of a "full-Phase bifurcated trial." All three claims were rejected by the Mississippi Supreme Court on post-conviction review. The undersigned finds no unreasonable application of *Strickland v. Washington*, 466 U.S. 688 (1984) or its progeny in this determination.

To establish a claim for ineffective assistance of counsel, a petitioner must show (1) "counsel's representation 'fell below an objective standard of reasonableness,'" and

(2) "but for his counsel's deficient performance, there is a reasonable probability that the outcome of the proceeding would have been different." *Blanton v. Quarterman*, 543 F.3d 230, 235 (5th Cir. 2008) (quoting *Strickland*, 466 U.S. at 688, 694). It is not enough to establish a deficiency and resulting prejudice, however. *United States v. Lewis*, 786 F.2d 1278, 1281 (5th Cir. 1986). To warrant habeas relief, McDonald must demonstrate that the Mississippi Supreme Court's adjudication of his ineffective assistance of counsel claim was an unreasonable application of *Strickland*. Under the limited scope of AEDPA review, even if this Court found the Mississippi Supreme Court's application of *Strickland* was incorrect, we could not recommend granting habeas relief unless we found that court's application of *Strickland* to be objectively unreasonable or an actual misapplication of the law. "[S]urmounting *Strickland's* high bar is never an easy task and [e]stablishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult." *Vasquez v. Thaler*, 505 F. App'x 319, 326 (5th Cir. 2013) (quoting *Premo v. Moore*, 562 U.S. 115, 122 (2011) (internal quotation marks and citations omitted)).

McDonald claims that counsel was ineffective for failing to object to a variance between Jury Instruction S-6 and the charging language of the indictment. The relevant charging language of the initial indictment informed McDonald that he was being charged with possession of a controlled substance "with the intent to distribute" in violation of Miss. Code. Ann. § 41-29-139. By comparison, Jury Instruction S-6 tracked the statute's disjunctive language by instructing the jury to consider possession with the "intent to sell, barter, transfer, manufacture, distribute or dispense." *Id.* McDonald argues

17

that the instruction "was far more extensive and a deviation" from the charging information, and that by failing to object, counsel "allowed the jury to consider charges that were not charged in the indictment."[11]

But the "[f]ailure to raise meritless objections is not ineffective lawyering; it is the very opposite." *Wood v. Quarterman*, 503 F.3d 408, 413 (5th Cir. 2007). The instruction tracked the language of the statute under which he was charged, and McDonald has failed to establish that counsel was deficient for failure to make what would have amounted to a baseless objection. Even if counsel was deficient in failing to lodge an objection, a claim of ineffective assistance of counsel does not succeed on deficiency alone. McDonald has not established that but for counsel's failure to object to Jury Instruction S-6, the jury would not have convicted him of possession of marijuana with intent to distribute. That the Mississippi Supreme Court rejected this claim on post-conviction review was not contrary to or an unreasonable application of *Strickland*.

McDonald's remaining two ineffective-assistance-of-counsel claims concern the sentence he received for possession with the intent to distribute in violation of Miss. Code. Ann. § 41-29-139, which authorizes a 30-year term of imprisonment. The original indictment included an enhancement based on McDonald's status as a habitual offender pursuant to Miss. Code Ann. § 99-19-81, which provides that a person who has been previously convicted of two felonies shall be sentenced to the maximum term of imprisonment prescribed for that felony, without the possibility of parole or reduction

---

[11] ECF No. 2, pp. 20-21; ECF No. 34-1, pp. 7, 48.

in sentence.  Three weeks prior to trial, the State filed a motion to amend the indictment to also charge McDonald as a second or subsequent-drug offender pursuant to Miss. Code Ann. § 41-29-147, which subjects the violator to a sentence and/or fine up to twice the 30-year term authorized by Miss. Code Ann. § 41-29-139.  Though no order amending the indictment was entered on the record, the trial court granted the State's request to admit McDonald's prior drug convictions during its case-in-chief and cautioned him that he would be subject to an enhanced 60-year term without probation or parole should he proceed with trial.  McDonald elected to proceed.  He was convicted. The 60-year term was imposed at his sentencing hearing the following week.[12]

In Grounds Five and Eight, McDonald charges that counsel was ineffective for both failing to object to the absence of an order amending the indictment and to the lack of a "full two-Phase bifurcated trial."[13]  However, Respondent submits that failure to object to the absence of an order amending the indictment did not constitute deficient performance because counsel may have reasonably thought, *inter alia*, that no objection was required as the amendment "did not affect his defense to the underlying charge." *Newberry v. State*, 85 So. 3d 884, 889 (Miss. Ct. App. 2011).  Respondent similarly asserts that counsel had no reasonable basis to lodge a bifurcated-trial objection because the convictions establishing habitual and subsequent-drug offender status had already been made part of the record.

---

[12] ECF No. 34-3, pp. 97-98;  34-1, pp. 7, 17, 120-22.

[13] ECF No. 2, p. 22.

Even if counsel's performance was deficient under *Strickland*, McDonald has not shown that the result of the proceedings would have been different had counsel lodged an objection on either front. *Strickland,* 466 U.S. at 687, 694. That is, had counsel objected to the lack of a bifurcated hearing or order amending the indictment, the trial court could have remedied any errors by simply issuing an order amending the indictment and re-introducing the prior qualifying convictions admitted at trial during the sentencing hearing. Though the court of appeals did not address the underlying merits, it noted that the evidence was insufficient evidence to establish "the attorney's performance prejudiced McDonald and whether the result would have been different had the attorney objected." *McDonald*, 130 So. 3d at 113.

While bifurcated hearings are mandated under state law to give the defendant an opportunity to challenge evidence of prior convictions in a proceeding separate from the guilt phase, a bifurcated trial is not recognized as a federal constitutional right. *United States v. Huff*, 409 F.2d 1225, 1228 (5th Cir. 1969) ("Two-part jury trials are rare in our jurisprudence; they have never been compelled by this Court as a matter of constitutional law, or even as a matter of federal procedure."). Regardless, it is not readily apparent that McDonald did not receive one here. *See Hilliard v. State*, 175 So. 3d 554, 561–62 (Miss. Ct. App. 2015). Indeed, counsel may have reasonably concluded that the trial judge satisfied the requirement for a bifurcated hearing when he determined the admissibility of McDonald's qualifying convictions outside the presence of the jury at trial ***before*** rendering sentence the following week. *See Short v. State*, 929 So. 2d 420, 426 (Miss. Ct. App. 2006) ("For this Court to affirm an enhanced sentence under [section] 99–19–

81, the trial court's basis for imposing the sentence must appear in the record on appeal."). Even more, McDonald cannot claim unfair surprise. The motion to amend the indictment was filed approximately three weeks prior to trial, and he has never disputed his prior convictions or that his sentence was within state statutory limits for a habitual and subsequent-drug offender. *Long v. Sparkman*, No. 3:11CV29-A-A, 2011 WL 4386387 (N.D. Miss. Sept. 20, 2011) ("Habeas corpus relief is proper only if a petitioner is able to show that the sentence imposed 'exceeds or is outside the statutory limits, or is wholly unauthorized by law.'") (quoting *Haynes v. Butler*, 825 F.2d 921, 923 (5th Cir. 1987)).

In the end, McDonald was aware of his conviction record and chose to proceed to trial despite being advised by both counsel and the court that he would be subjected to an enhanced 60-year term should he be convicted. *Baskin v. State*, 986 So. 2d 338, 343 (Miss. Ct. App. 2008). *See also Baskin v. Scott*, No. 3:09-CV-551-CWR-LRA, 2012 WL 5947584 (S.D. Miss. Nov. 28, 2012) (citation omitted) (adopting report and recommendation of *Baskin v. Scott*, No. 3:09CV551 CWR-LRA, 2012 WL 5947647 (S.D. Miss. June 25, 2012), *report and recommendation adopted,* No. 3:09-CV-551-CWR-LRA, 2012 WL 5947584 (S.D. Miss. Nov. 28, 2012)). Given the evidence against him and AEDPA's deferential standard of review, the state court's ruling that his ineffective assistance-of-counsel claims were without merit was not an unreasonable application of, or contrary to *Strickland*.

For these reasons, it is the recommendation of the undersigned United States Magistrate Judge that this habeas petition should be dismissed with prejudice.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Southern District of Mississippi*, any party within 14 days after being served with a copy of this Report and Recommendation, may serve and file written objections.  Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

Respectfully submitted on July 22, 2020.

s/ Linda R. Anderson
_____
UNITED STATES MAGISTRATE JUDGE

22